UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB - 3 2010
Clerk, U.S. District and
Bankruptcy Courts

Terence K. Bethea,

Plaintiff,

v.

Federal Bureau of Prisons,

Defendants.

Civil Action No. 10 0188

## MEMORANDUM OPINION

Plaintiff Terence K. Bethea has filed an application to proceed in forma pauperis and a pro se complaint. The application will be granted and the complaint will be dismissed.

Bethea is a prisoner who is seeking $5 million in damages for allegedly being overdetained. Compl. at 1. The overdetention Bethea describes is the forfeiture, upon parole revocation, of good conduct credits earned while in custody prior to being paroled. *Id.* at 3-7. Acknowledging that the decision in *United States Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997), resulted in the forfeiture of "street time credit" upon revocation, *id.* at 2-3, he essentially argues there is no authority found in D.C. Code § 24-221.03(a), formerly § 24-431, for the forfeiture of the in-custody good time credit earned, as well, *id.* at 3. While Bethea concedes that § 24-221.03(a), formerly § 24-431, applies to him, he contends that D.C. Code § 24-406 does not apply to him. *Id.* at 3-4.

Bethea is simply wrong on the law. First, § 24-221.03(a) expressly refers to § 24-406: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody, or on parole in accordance with § 24-406, as a result of the offense for

which the sentence was imposed." D.C. Code § 24-221.03(a). Second, D.C. Code § 24-406(a) expressly provides that if parole is revoked, "the prisoner . . . shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after* his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence " D.C. Code § 24-406(a) (emphasis added).[1] The word "after" in that provision has meaning; the only commuting of the sentence for good conduct comes from the good conduct earned by the prisoner "*after* his return to custody." *Id.* As the statute makes clear, the good conduct credit earned before parole does not "vest" with the prisoner, as Bethea contends it does. Bethea's reliance on the chance use of the term "vest" in *Moss v. Clark,* 698 F. Supp. 640 (E.D. Va. 1988), is misplaced. *See* Compl. at 5. Not only was that case reversed in an opinion that does not once employ the term "vest," 866 F.2d 686 (4th Cir. 1989), its interpretation of a District of Columbia statute does not trump the interpretations of the Court of Appeals for the District of Columbia, which has the final word on the meaning of a District of Columbia statute. In any case, it has long been settled that

> good time credits do not survive a prisoner's release. *See also Jones v. Clemmer,* 163 F.2d 852, 854 (D.C. Cir. 1947) (determining that good time credits are forfeited by violating parole); *Bates v. Rivers,* 323 F.2d 311, 312 (D.C. Cir. 1963) (same). Moreover, good time credits do not operate to shorten the term of the sentence originally imposed by the sentencing court. *Bates,* 323 F.2d at 311-12.

*Lorando v. Waldren,* 629 F. Supp. 2d 60, 62 (D.D.C. 2009).

---

[1] The statute was amended in May 2009, but the amendment applies "only to any period of parole that is being served on or after May [20], 2009." D.C. Code § 24-406(d).

Because the plaintiff raises only claims that have already been considered and rejected, the complaint will be dismissed for failure to state a claim upon which relief may be granted. A separate order of companies, this memorandum opinion.

Date: Jan, 24, 2010

_____
United States District Judge